

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 1:13cr76 |
| v. ) | |
| ) | 18 U.S.C. § 371 |
| JOSEPH RICHARDS, ) | (Conspiracy to Commit Major Fraud |
| Defendant. ) | against the United States) |

## Criminal Information

The United States charges that:

### Count 1
### (Conspiracy to Commit Major Fraud against the United States)

1.      From in or about June 2005 through in or about February 2012, in the Eastern District of Virginia and elsewhere, the defendant, Joseph Richards, did knowingly and intentionally combine, conspire, confederate, and agree with K.H., D.H., D.S., D.L., M.D., and others known and unknown to commit major fraud against the United States, that is: to execute and cause to be executed a scheme and artifice to defraud the United States and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, all in relation to a procurement for services valued at more than $1,000,000, in violation of Title 18, United States Code, Section 1031.

### *Purpose, Manner, and Means of the Conspiracy*

2.      The purpose of the conspiracy was to obtain U.S. government contracts based on SBA-administered contracting preferences by creating a "shell" entity (Company B) with a figurehead owner (co-conspirator D.H.), while impermissibly controlling that entity and concealing that control from the Small Business Administration ("SBA"). In so doing, K.H.,

K.H.'s company (Company A), Richards, and others would benefit improperly from the payments received in relation to those contracts, the volume of business performed pursuant to those contracts, and the expected future gain from performing those contracts.

3.    The manner and means by which Richards and others would and did carry out the conspiracy included, but were not limited to, the following:

a.    falsely representing to the SBA that Company B was eligible for SBA-administered contracting preferences, including the "8(a) Business Development Program" for disadvantaged small business owners and those provided to small businesses more generally;

b.    falsely representing to the SBA that neither Company A (which was not eligible for the SBA contracting preferences Company B obtained), nor any employee or management member thereof, exercised control over Company B;

c.    fraudulently causing Company B to receive 8(a) and small business contract awards to which Company B was not entitled, including but not limited to (i) National Aeronautics and Space Administration ("NASA") prime contract number NNK06MA86B ("Contract A86B") an 8(a) contract valued at  $2,970,000.00; and (ii) prime contract number HSCG23-08-D-MMZ339 ("Contract Z339") with the U.S. Coast Guard ("USCG") of the U.S. Department of Homeland Security ("DHS"), a small business contract valued at $48,522,390.08;

d.    fraudulently receiving in excess of $30,000,000 in payments on those contracts based on those SBA contracting preferences to which Company

2

B was not actually entitled, including (i) $1,988,539.87 in payments on Contract A86B and (ii) 18,108,805.00 in payments on Contract Z339; and

e.    misrepresenting to NASA, the USCG, and other agencies that Company B was in compliance with SBA regulations pertaining to Company B's NASA, USCG, and other contracts, including that Company B employees had performed the required percentage of work on Company B's NASA contracts and certain contracts with other agencies.

### Overt Acts

4.    In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Eastern District Virginia and elsewhere:

a.    On or about September 6, 2005, Richards emailed K.H. a Microsoft Word document with Company B business cards for D.H. to K.H., and K.H. forwarded the email and attachment to D.H. The business cards list D.H. as Company B's "President and CEO," describe Company B as a "Minority, Woman-owned, SBA Certified 8(a)" business, and list Company A's office as Company B's address (but do not mention Company A). The business cards concealed K.H.'s role as the official with final and ultimate decisionmaking authority over Company B;

b.    Between in or about July and September 2005, Richards signed a Company B "Services Agreement" with Company C, M.D.'s company.

c.    On or about September 20, 2005, K.H. emailed a one-page spreadsheet explaining Company B's arrangement to subcontract its NASA 8(a)

3

contracts to M.D., who was not an employee, in violation of SBA regulations and contract requirements;

d. In or about February 2009, Richards signed Company B's award for NASA Contract # NNC08BA10B as Company B's "Chief Operating Officer" and sent the signed award to NASA, copying M.D. and D.H. The award specifically included provisions requiring that Company B adhere to 8(a) regulations for purposes of the contract and that Company B notify NASA and the SBA of any subcontracting on the contract. Richards knew, however, that at no time did Company B notify NASA or the SBA that M.D. was not a Company B employee and that no Company B employees were performing work on Company B's NASA contracts;

e. In or about July 2008, Richards knowingly and intentionally caused to be submitted to the USCG fraudulent proposals and other required information in connection with Contract Z339, despite knowing that Company B was not eligible for that contract because Company A and its management (including Richards) used Company B to obtain Contract Z339 on Company A's behalf;

f. In or about October 2008, Richards formally moved to Company B's books so that he would appear on paper to work for Company B and could continue working on Contract Z339 (but would continue to report to K.H.). Richards did so to help Company A control Company B's administration of Contract Z339, all the while concealing that control by having Richards falsely appear on Company B's books to be an

4

independent Company B manager. Thereafter, Richards continued to report to K.H. and D.S., not D.H.; and

g.      In or about October 2008, Richards caused to be submitted to the SBA Company B's response to a small-business size protest in which Company #1 alleged that Company B and Company A were impermissibly affiliated in violation of SBA regulations—and that Company B was therefore not eligible for Contract Z339. Richards knew Company B's response concealed K.H.'s control of Company B through Company A employees and otherwise made false and misleading statements to conceal the affiliation between Company A and Company B

(All in violation of Title 18, United States Code, Section 371.)


Neil H. MacBride
United States Attorney

Jeffrey H. Knox
Chief, Fraud Section
Criminal Division, U.S. Department of Justice

By:

Chad I. Golder
Ryan S. Faulconer
Assistant U.S. Attorneys